SCHEB, Judge.
We hold that the Florida Contraband Forfeiture Act does not provide for forfeiture of a motor vehicle when only an attempt is made to use the vehicle for transportation of contraband.
DeWitt Brandon exited a motel with several bags of contraband. He placed the bags on the ground next to the open trunk of his car, apparently intending to put them in the trunk. Brandon was arrested before he could do so. The trial court dismissed the sheriff’s petition for forfeiture, holding that the evidence was insufficient to show that the vehicle was being used in violation of section 932.702, Florida Statutes (1981).
Subsection (3) of section 932.702 makes it unlawful:
(3) To use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
Section 932.703(1) provides for forfeiture of any motor vehicle “which has been or is being used in violation of” section 932.702.
Forfeiture statutes are strictly construed. Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981); Caivano v. State, 331 So.2d 331 (Fla. 2d DCA 1976). Here, the plain language of the statute refers to actual use of a vehicle to transport contraband articles. The legislature did not include either attempts or intended uses. We must not broaden the scope of legislative enactments where the language of the statute is clear. See Thayer v. State, 335 So.2d 815 (Fla.1976).
The legislature, of course, may revisit the language of the statute as it did after the supreme court in Griffis v. State, 356 So.2d 297 (Fla.1978), concluded that chapter 932 as then enacted did not provide for forfeiture for mere possession of controlled substances by the occupant of a vehicle. As a result, the 1980 legislature expanded the grounds for forfeiture by enacting the present section 932.702(4). See State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981).
The trial court was correct in dismissing the petition for forfeiture.
Affirmed.
HOBSON, A.C.J., and BOARDMAN, J., concur.