Kermit A. Dunahoo, Des Moines, for appellant.

Virginia Cobb and John C. Powell, Asst. County Attys., for appellee.

**STATE of Iowa, Appellee,**

v.

**ONE CERTAIN 1982 HONDA AUTOMO-BILE, VIN # JHMSN5229CC033733,**
**Appellant.**

No. 83–1484.

Supreme Court of Iowa.

Aug. 22, 1984.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON, and CARTER, JJ.

CARTER, Justice.

This appeal challenges an order of forfeiture of an automobile under Iowa Code sections 204.505(8) and 127.9 (1983). The appellant contends that the district court applied an incorrect legal standard in requiring the vehicle to be forfeited. We agree with this contention and find that the State's evidence is inadequate to support a remedy of forfeiture under a correct legal standard.

The owner and three occupants of a 1982 Honda automobile were found by law enforcement officers standing near that automobile alongside a gravel road in rural Dallas County. A large plastic bag con-

taining approximately eighty ounces of marijuana was lying on the ground underneath the vehicle. The trunk was open and in it was a large machete with green stains on the blade and a small quantity of leafy substance. The car was impounded at the time of the arrests and subsequently declared the subject of forfeiture by the district court.

The following issues are presented on appeal:

(1) Whether the trial court erred in ordering forfeiture based on an intended rather than actual use of the vehicle to transport marijuana.

(2) Whether the trial court erred in finding the intended transportation of marijuana was not incidental to the transportation of persons.

(3) Whether the trial court erred in finding that the amount of marijuana seized was sufficient to generate a presumption of transportation for purpose of sale.

Because we find that the first issue is dispositive of the appeal, we do not reach the other issues.

The parties agree that the amount of leafy substance found in the trunk of the vehicle or on the blade of the machete is insufficient in quantity to justify forfeiture solely on the basis of the presence of that quantity of marijuana in the automobile. In addition, no claim is made by the State that the circumstantial evidence will support a finding that the automobile in question had been used to transport the eighty ounces of marijuana found lying on the ground prior to the arrival of the officers.[1]

The trial court's order for forfeiture of the automobile was premised on its interpreting section 204.505(8) and section 127.9 in a manner permitting forfeiture based on intended use of a vehicle for transportation of a controlled substance as well as actual use for such purpose. Appellant contends that the language of these statutes does not authorize a forfeiture absent proof that the vehicle has actually been used to transport or hold a controlled substance.

The State urges that an interpretation of the relevant code sections to also embrace intended use as a basis for forfeiture is consistent with the ultimate legislative purpose and should be approved by this court as it was by the district court. We disagree.

■ The applicable statutes read as follows:

*Section 204.505(8)*

Chapter 127 shall be applicable to conveyances used to transport or hold any controlled substance listed in schedules I, II, III, or IV of this chapter.

*Section 127.9*

*Conveyance subject to forfeiture.* Any conveyance which is used to transport a quantity of unlawful liquor which is large enough to give rise to a presumption that the liquors are being transported for the purpose of sale and the transportation of such liquors is not incidental to the transportation of persons or other property is subject to forfeiture to the state.

We have considered these forfeiture statutes to be penal in nature, a circumstance which requires that they be strictly construed against the State. *State v. One Certain 1969 Ford Van*, 191 N.W.2d 662, 666 (Iowa 1971).

■ In *Coleman v. Brandon*, 426 So.2d 44 (Fla.Ct.App.1982), as in the present case, the contraband was found lying next to an automobile with an open trunk. In denying forfeiture, the court stated:

[T]he plain language of the statute refers to actual use of a vehicle to transport contraband articles. The legislature did not include either attempts or intended uses. We must not broaden the scope

---

**1.** It was apparent from the physical evidence that the marijuana had been freshly harvested

from the adjacent ditch.

of legislative enactments where the language of the statute is clear.

*Id.* We similarly conclude that the plain language of our statute requires actual use to transport or hold the controlled substance. This conclusion is buttressed by the fact that, although Iowa has adopted most of the Uniform Controlled Substances Act, it declined to adopt section 505(a)(4) thereof, *see* 9 U.L.A. 611–12 (1979), which specifically provides for forfeiture of conveyances which are used *or intended for use* to facilitate the transportation of controlled substances. The rejection by the legislature of those provisions of the uniform act expressly authorizing forfeiture of conveyances based on intended use indicates an intention to condition forfeiture upon actual use of the vehicle to transport or hold a controlled substance. As a result of this conclusion, the order of forfeiture in the present case must be reversed.

REVERSED.