GOSHORN, Chief Judge.
The issue in this appeal is whether an airplane, owned by a Florida corporation which had previously been dissolved for failure to file its annual report, can be seized and forfeited pursuant to section 329.10, Florida Statutes (1989) after the corporation has been reinstated to active corporate status. We hold that the airplane cannot be seized and forfeited under these circumstances and we reverse.[1]
First Coast Restaurants, Inc. (First Coast) was incorporated in Florida on February 27, 1985. A Piper twin engine airplane was acquired by First Coast in July of 1987, and since that time the airplane has been properly registered with the Federal Aviation Administration in First Coast’s name. On November 4, 1988, the Secretary of State involuntarily dissolved First Coast for failing to file a 1988 annual corporate report and failing to pay the re *1259 quired filing fee.[2] First Coast became aware of its involuntary dissolution on May 26, 1989 and on that same date filed the required report and paid the required filing fee. As a result, the Secretary of State returned First Coast to active corporate status. Six months later, on November 25, 1989, the Volusia County Sheriff seized First Coast’s airplane. On January 30, 1990, Volusia County filed a petition seeking forfeiture of the airplane and alleged that First Coast violated section 329.10, Florida Statutes (1989) by operating the airplane within Volusia County on at least nine separate occasions during the period in which First Coast had been dissolved. Section 329.10, Florida Statutes (1989), provides in pertinent part that:
(2) Any aircraft in or operated in this state that is found to be registered to a nonexistent person, firm, or corporation or to a firm, business, or corporation which is no longer a legal entity is in violation of this section. [Emphasis added].
* * * * * *
(6)(a) A violation of this section shall be deemed a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) Any violation of this section shall constitute the aircraft to which it relates as contraband, and said aircraft may be seized as contraband by a law enforcement agency and shall be subject to forfeiture pursuant to ss. 932.701-932.704.
First Coast contends that section 329.10 only permits seizure if the corporation is dissolved at the time the plane is seized. We agree. Forfeiture statutes are penal in nature and are strictly construed. Coleman v. Brandon, 426 So.2d 44 (Fla. 2d DCA 1982). The plain language of section 329.10 permits a law enforcement agency to seize an airplane found registered to a dissolved corporation. In the instant case, however, on the date that Volusia County seized First Coast’s airplane, First Coast had been reinstated for six months, and thus, the airplane was not found registered to a dissolved corporation. Accordingly, at the time of the seizure, First Coast was not operating its airplane in violation of the statute.
This interpretation is bolstered by section 607.1422(3), Florida Statutes (1991), which provides:
When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred.
See also § 607.271(5), Fla.Stat. (1987) (“Whenever the application for reinstatement is approved and filed by the Department of State, the corporate existence shall be deemed to have continued without interruption from the date of dissolution.”). Thus, upon reinstatement, First Coast is deemed to have continued without interruption as if it had never been dissolved. The fact that First Coast was an involuntarily dissolved corporation from November 4, 1988 to May 26, 1989 has no legal significance because First Coast’s reinstatement to active corporate status occurred prior to the seizure. See Capital Construction Services, Inc. v. Rubinson, 541 So.2d 748 (Fla. 3d DCA 1989) (holding that a reinstated corporation can pursue a cause of action accruing after dissolution and before reinstatement); East Auto Supply Company, Inc. v. Anchor Mortgage Services, Inc., 502 So.2d 976 (Fla. 4th DCA 1987) (finding that service on a dissolved corporation’s resident agent is effective if the corporation is subsequently reinstated); LeLac Property Owners’ Association, Inc. v. Routh, 493 So.2d 1131 (Fla. 4th DCA 1986) (holding that a suit filed by a dissolved corporation is valid if the corporation subsequently becomes reinstated).
Volusia County argues that mere reinstatement does not erase an essential element to conduct which has been deemed a *1260 third degree felony. Under a different set of facts, Volusia County’s argument may have merit. For example, if First Coast had not become reinstated until after the seizure, reinstatement would not invalidate the seizure, but instead would only allow the corporation to appear at the subsequent forfeiture proceeding and to raise any defenses that it may have.
Accordingly, we reverse the order of forfeiture and remand the cause for further proceedings.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.

. Because the result of our analysis of the applicable statutory provisions disposes of this case, we do not address First Coast's remaining arguments. Specifically, we do not address First Coast’s contention that section 329.10, as applied, violated its constitutional due process rights.

. § 607.271(2)(a), Fla.Stat. (1987) (current version at § 607.1420(l)(a), Fla.Stat. (1991)).