**REVERSED AND REMANDED.**

HUFF and HOWARD, JJ., concur.

508 S.E.2d 46

Dr. J. Gray MACAULAY, James C. Perrin, Jr., Gladys L. Perrin, Neill M. Perrin, Mary P. Coxe, Joanne M. Cauthen, Dr. Neill W. Macaulay, Rebecca M. Clark, Theodica M. Greene, Henrietta M. Marett, Kathryn D. Durham, William B. DePass, Jr., Wilkes D. Macaulay, Kathryn M. Bishop, Isabel M. Schell and Dr. Hugh H. Macaulay, Jr., Respondents,

v.

WACHOVIA BANK OF SOUTH CAROLINA, N.A., Estate of Sara M. McLeod, James L. MacLeod, Individually and as Personal Representative of the Estate of Sara M. McLeod, William L. McLeod, Jr., and Kathryn M. DePass,

of whom Wachovia Bank of South Carolina, N.A. is the Appellant.

No. 2897.

Court of Appeals of South Carolina.

Heard Oct. 6, 1998.

Decided Nov. 5, 1998.

were spontaneous and impulsive as a result of the claimant's provocation.).

R. David Massey and Arnold L. Ashley, both of Brown, Massey, Evans & McLeod, of Greenville, for appellant.

Ben G. Leaphart, of Greenville, for respondents.

CURETON, Judge:

Respondents, beneficiaries of a revocable inter vivos trust (First Trust), brought this action seeking (1) a declaration an irrevocable life insurance trust (Second Trust) was void *ab*

*initio* due to the settlor's lack of capacity and undue influence; (2) a return of the proceeds of Second Trust from its beneficiaries; and (3) a determination that Wachovia Bank of South Carolina, N.A. (Wachovia), the trustee of First Trust, be held liable for distributing the funds used to endow Second Trust. The probate court dismissed the matter pursuant to S.C.Code Ann. § 62–7–203 (1987), finding the matter should proceed in Florida. As an additional ground for dismissal, the court held the trustee of Second Trust was an indispensable party without whom the action could not proceed. The circuit court reversed on both grounds. Wachovia appealed. We affirm the circuit court.

## FACTS

On April 5, 1988, Isabel M. Dusenberry (Dusenberry) executed First Trust with South Carolina National Bank (now Wachovia) acting as trustee. Under the trust terms, Dusenberry named herself lifetime beneficiary with the ability to withdraw principal. If she became legally incompetent or if Wachovia believed she was unable to handle her affairs, Wachovia was to pay the income and principal at its discretion. A host of relatives, a few former employees and helpers, and a number of charitable organizations were the remainder beneficiaries of First Trust. First Trust provided it was to be governed by the laws of South Carolina. Respondents in this case are family members named as remainder beneficiaries of First Trust.

On April 29, 1989, Dusenberry established Second Trust, an irrevocable life insurance trust, with Frank B. Metcalf (Metcalf), a Florida attorney, as Trustee. Dusenberry gave Trustee $237,000 with which to buy a life insurance policy to fund the Trust. Upon Dusenberry's death, Metcalf was to collect the proceeds of the life insurance policies held by Second Trust and distribute $150,000 to Sara M. McLeod; $50,000 to James L. MacLeod; and $50,000 to Katherine M. DePass. If any of the beneficiaries were not living, their lineal descendants were to take, per stirpes. The Second Trust agreement provided, "All questions relating to the construction, validity, and administration of this Trust shall be determined in accordance with the laws of the State of Florida." Respondents

allege the money to fund Second Trust was taken from First Trust.

Dusenberry died in 1991. According to Respondents, the proceeds of the life insurance policies were paid upon her death as Second Trust provided. Respondents commenced this action April 26, 1996.

## DISCUSSION

■ Wachovia alleges the circuit court erred in reversing the probate court's dismissal of the action pursuant to S.C.Code Ann. § 62–7–203. According to Wachovia, Section 62–7–203 mandates Respondents bring this action in Florida. We disagree.

Section 62–7–203 provides:

The court will not, over the objection of a party, entertain proceedings under § 62–7–201 involving a trust registered or having its principal place of administration in another state, unless (1) when all appropriate parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration or (2) when the interests of justice otherwise would seriously be impaired. . . .

■ This section is a statutory rule of forum non conveniens. *See* Unif. Probate Code § 7–203 cmt., 8 U.L.A. 496 (1998) ("[T]he issue is essentially one of forum non conveniens in having litigation proceed in the most appropriate forum. This is the function of this section.").[1] The statute does not deny or confer jurisdiction upon South Carolina courts. The section simply provides guidance as to when a South Carolina court should refuse to hear a case over which it "undoubtedly has jurisdiction." S.C.Code Ann. § 62–7–203 cmt. Like the common law doctrine, the statute compels a court to dismiss an action "where the forum has little or no relations to the transitory cause of action." *Nienow v. Nienow,* 268 S.C. 161, 168, 232 S.E.2d 504, 508 (1977).

---

1. S.C.Code Ann. § 62–7–203 was taken verbatim from Unif. Probate Code § 7–203.

■ Section 62–7–203 differs from the common law doctrine of forum non conveniens by placing a presumption in favor of the South Carolina court dismissing the action. S.C.Code Ann. § 62–7–203 cmt.; *cf. Nienow v. Nienow*, 268 S.C. 161, 232 S.E.2d 504 (1977) (holding courts should not dismiss actions under this doctrine of forum non conveniens unless the balance is strongly in favor of the defendant). The statute presumes "the foreign state in which a trust is registered [is] the appropriate forum for the bringing of any proceedings." S.C.Code Ann. § 62–7–203 cmt. However, this presumption is overcome when the interests of justice would be strongly impaired by referring the case to the state where the trust is registered. *See id.* ("This principle of forum non conveniens will not apply, however, when the interests of justice seriously indicate that it should not.").

■ In determining the applicability of forum non conveniens, a number of private and public interests must be considered. These considerations include (1) the relative ease of access to the sources of proof; (2) witness availability and costs of obtaining witness' attendance; (3) the possibility of viewing premises, if applicable to the action; (4) ease, time efficiency and expense incurred trying the case; (5) enforceability of a judgment, if one is obtained; (6) administrative difficulties for South Carolina courts; (6) local interests in the trial; and (7) difficulties for South Carolina courts arising from conflict of laws and interpretation of foreign law. *Braten Apparel Corp. v. Bankers Trust Co.*, 273 S.C. 663, 259 S.E.2d 110 (1979) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

When these factors are considered, it is apparent that the interests of justice would be strongly impaired by dismissing this action. Second Trust was executed in South Carolina. Dusenberry, the settlor of both trusts, was a resident of Greenville, South Carolina. The only asset of Second Trust was the life insurance policy on Dusenberry's life. According to Respondents, the proceeds of the life insurance have been distributed to the beneficiaries of Second Trust, none of whom is a Florida resident. Katherine DePass is a South Carolina resident, James MacLeod is a Georgia resident, and Sara McLeod, whose estate is a defendant, was a Louisiana resident. All but three of the plaintiffs reside in South Carolina.

Only one of the three nonresident plaintiffs is a Florida resident; and that plaintiff has consented to the case being tried in South Carolina. According to Respondents' attorney, almost all of Respondents' factual witnesses are in South Carolina. The interests of justice would be strongly impaired by dismissing the action in the state with so many connections to the action and forcing the plaintiffs to proceed in a forum with very little relation to the action. Under Section 62–7–203, this cause of action should proceed in South Carolina. Furthermore, under the corresponding Florida statute, this cause of action should proceed in South Carolina. Fla.Stat. ch. 737.203, (1989); *see In re Estate of McMillian*, 603 So.2d 685 (Fla.Dist.Ct.App.1992).[2]

This matter also involves the administration of First Trust. Respondents have asserted claims against Wachovia for breach of fiduciary duty as a result of the distribution. Respondents claim the funds used to purchase the life insurance policy were distributed from First Trust, which had a situs in South Carolina, and deposited into Dusenberry's South Carolina money market or checking account. Dusenberry signed a check written to Metcalf, which was drawn on that account.

Because this matter involves issues relating to First Trust and the interests of justice would be strongly impaired by dismissing the action, we agree with the circuit court that the probate court abused its discretion in dismissing the action pursuant to Section 62–7–203.

---

**2.** In *McMillian*, a Florida resident, executed a trust that named a children's home in Ohio and a community action group in Florida as residual beneficiaries. The trust agreement specified the trust was a Kentucky Trust to be governed by Kentucky law. Upon McMillian's death, a petition for trust administration was brought before a Florida court by the personal representative of McMillian's estate. The trustee joined the personal representative in the action. The children's home objected to the Florida court entertaining the action under Fla.Stat. ch. 737.203, which is materially similar to S.C.Code Ann. § 62–7–203. The Florida court held it was a proper forum to hear the action. In so doing, the court considered (1) the property that would fund the trust was located in Florida; (2) no undue prejudice or inconvenience to the parties or witnesses would result from the case being heard in Florida; (3) the Kentucky trustee sought the Florida court's jurisdiction by joining the action; and (4) the determination of the trust beneficiaries would necessitate construction of Florida corporations law.

■   Wachovia next asserts the circuit court erred in holding Metcalf, as the trustee of Second Trust, was not an indispensable party to this action.  We disagree.

■   Metcalf is not an indispensable party to this action because Second Trust no longer exists.  Under Florida law, it is a general rule that a trustee is an indispensable party to any proceeding affecting the trust estate.  *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).  However, an exception to this rule exists where the trust is passive. *Trueman Fertilizer Co. v. Allison,* 81 So.2d 734 (Fla.1955), *cited in Hanson,* 357 U.S. at 245, 78 S.Ct. 1228 (1958); *see also Ames v. Ames,* 126 So.2d 754 (Fla.Dist.Ct.App.1961) (a trustee is an indispensable party unless the trust is inactive or passive).

> A trust estate is vested in the trustee, but its duration and extent are governed by the requirements of the trust. When no intention to the contrary appears, the trust estate will not be continued beyond the purposes of its creation as set forth in the trust instrument.  When these purposes are accomplished, the trust estate ceases to exist and the trustee's title becomes extinct.  "The extent and duration of the trust estate are measured by the objects of its creation."

*Clement v. Charlotte Hosp. Ass'n,* 137 So.2d 615, 617 (Fla.Dist. Ct.App.1962) (quoting *Standard Oil Co. v. Mehrtens,* 96 Fla. 455, 118 So. 216 (1928)).

Under the terms of Second Trust, Metcalf was charged with holding a life insurance policy and collecting and distributing the proceeds of the policy upon Dusenberry's death.  The circuit court found the proceeds of Second Trust were distributed immediately after Dusenberry's death and the trust terminated.[3]  The life insurance policy was the sole asset of the trust.  Metcalf, therefore, has fulfilled the requirements of Second Trust.  Because the trust purposes have been accomplished, Second Trust has ceased to exist and Metcalf no longer has title to the Second Trust property.  The failure to

---

3.  Wachovia did not dispute this finding in its Motion to Reconsider, Alter or Amend, nor does it challenge the finding on appeal.  Therefore, it is the law of the case.  *See Buckner v. Preferred Mut. Ins. Co.,* 255 S.C. 159, 177 S.E.2d 544 (1970) (an unchallenged ruling, "right or wrong," is the law of the case).

include him in this action will not lead to inconsistent obligations for Wachovia. Therefore, we agree with the circuit court in finding Metcalf is not an indispensable party to the action.

The order of the circuit court is affirmed. The case is remanded to the probate court for further proceedings consistent with this decision.

**AFFIRMED AND REMANDED.**

CONNOR and STILWELL, JJ., concur.