765 So.2d 249 (2000)
Peter L. LEVINE and Claire J. Lehr, Appellants/Petitioners,
v.
Carole Ann STEIGER and Anthony R. Ullmann, as Trustees of the Alexander Louis Levine a/k/a A.L. Levine and A.L. Louis Levine Trust, Appellees/Respondents.
Nos. 4D99-4411, 4D00-0061.
District Court of Appeal of Florida, Fourth District.
August 9, 2000.
Mark B. Kleinfeld of Mark B. Kleinfeld, P.A., Palm Beach, for appellants/petitioners.
Howard K. Coates, Jr., Mary F. April and Stephanie A. Reed of Proskauer Rose LLP, Boca Raton, for appellees/respondents.
KLEIN, J.
Appellants are beneficiaries of an inter vivos trust executed by their father in 1980, after he had become a resident of Florida. The trust is largely comprised of interests in shopping centers in New Jersey, where the father previously lived, as well as interests in shopping centers in New York, Pennsylvania and North Carolina. The appellees are the trustees. When the father died, in 1994, his will provided that his estate would pour over into this trust. The issue presented by this appeal is whether litigation seeking accounting and other relief involving the trust should be in Florida or in New Jersey.
In 1997 the beneficiaries filed a lawsuit in New Jersey seeking an accounting and distribution of the trust, alleging that New Jersey had jurisdiction because some of the trustees lived there, certain shopping centers were located there, and the trust was being administered from an office in that state. The New Jersey court, after finding that the trust was created in Florida, was to be interpreted under Florida law, and that the decedent had intended to have the trust administered in Florida, dismissed the action with leave to reopen it if Florida did not provide a forum for the proceedings.
Following the dismissal of the New Jersey action, the trustees filed a petition for *250 approval of a trust accounting and other relief in Palm Beach County, Florida. The beneficiaries moved to dismiss, claiming that that the trial court lacked subject matter jurisdiction under section 737.203, Florida Statutes (1999) because the trust had its principal place of administration in New Jersey. Section 737.203 provides:
Over the objection of a party, the court shall not entertain proceedings under § 737.201 for a trust registered, or having its principal place of administration, in another state unless all interested parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration. The court may condition a stay or dismissal of a proceeding under this section on the consent of any party to jurisdiction of the state where the trust is registered or has its principal place of business, or the court may grant a continuance or enter any other appropriate order.
The trial court denied the beneficiaries' motion to dismiss, and they have filed a non-final appeal as well as a petition for writ of prohibition, contending that the trial court lacks subject matter jurisdiction.
In Estate of McMillian, 603 So.2d 685 (Fla. 1st DCA 1992), a trust was being administered in Kentucky, but the trust property, which consisted primarily of stocks and bonds, was located in Florida. One of the beneficiaries argued on appeal that the Florida courts did not have jurisdiction to determine the beneficiaries of the trust, relying on section 737.203, Florida Statutes; however, the first district rejected that argument, explaining:
This statute is not a jurisdictional bar. It is more in the nature of a venue statute, and speaks in terms of whether a Florida court will "entertain" trust proceedings. The statute further does not seem to require the judge to dismiss a case, even after the statutory provision is invoked, as evidenced by the final sentence of the statute which provides that the judge may enter orders of continuance, or other appropriate orders. The comments of the drafters of the Uniform Probate Code, accompanying section 7-203, which is materially similar to our section 737.203, indicate:
It is assumed that under this section a court would refuse to entertain litigation involving the foreign registered trust unless for jurisdictional or other reasons, such as the nature and location of the property or unusual interests of the parties, it is manifest that substantial injustice would result if the parties were referred to the court of registration.... [T]he issue is essentially only one of forum non conveniens in having litigation proceed in the most appropriate forum. This is the function of this section.
Id. at 688.
We agree with the first district that section 737.203 is not jurisdictional, but rather has the purpose of having trust litigation proceed in the most appropriate forum, where there is a possibility of litigating in more than one forum. The standard of review of a denial of a motion to dismiss on the ground of inconvenient forum is abuse of discretion. Fla.R.Civ.P. 1.061(a). We conclude that abuse of discretion is the appropriate standard of review to apply here and, considering the findings of the New Jersey court set forth in the second paragraph of this opinion, we find no abuse and affirm.
POLEN and STEVENSON, JJ., concur.