903 So.2d 376 (2005)
Samuel D. PERRY, Trustee of the Seyburn Leonard Agnew Trust dated December 7, 1999, Appellant,
v.
Douglas AGNEW, Steven Agnew, and Roger Agnew, Appellees.
No. 2D05-332.
District Court of Appeal of Florida, Second District.
June 15, 2005.
Charles C. Kline and Douglas W. Swalina of White & Case LLP, Miami, for Appellant.
Glenn N. Siegel of Glenn N. Siegel, P.A., Port Charlotte, for Appellees.
NORTHCUTT, Judge.
When three beneficiaries of the Seyburn Leonard Agnew Trust sued the trustee in Charlotte County, Florida, the trustee moved to dismiss for improper venue. The circuit court denied the motion. We reverse because the court failed to apply the controlling statute.
The beneficiaries, Douglas Agnew, Steven Agnew, and Roger Agnew, filed a complaint under section 737.201, Florida Statutes (2003), alleging that the trustee, Samuel D. Perry, had breached his fiduciary duties and seeking an accounting and removal of Perry as trustee. The complaint *377 alleged that Douglas Agnew is a resident of Florida, Steven Agnew is a resident of Illinois, and Roger Agnew is a resident of Texas. The beneficiaries attached to their complaint a copy of the trust agreement, which provides in part that it is to be governed by Florida law. The trustee moved to dismiss pursuant to section 737.203, and he filed an affidavit asserting that he administers the trust from his office in Boston, Massachusetts, and that all trust records are located there.
At the hearing on the motion, the trustee argued that the trust's principal place of administration is in Massachusetts and, thus, Massachusetts is a more convenient forum for this litigation. The beneficiaries argued for application of the common law rule that the situs of a trust is where the settlor resides and administers the trust. They also argued that the trust's choice-of-law provision takes the trust out of the operation of section 737.203. The circuit court agreed and denied the trustee's motion to dismiss.
Section 737.101(1) provides that "[u]nless otherwise designated in the trust agreement, the principal place of administration of a trust is the trustee's usual place of business where the records pertaining to the trust are kept. . . ." The undisputed evidence in this case established that the trust is administered by Perry in Massachusetts.
Section 737.203 provides, in pertinent part:
Over the objection of a party, the court shall not entertain proceedings under s. 737.201 for a trust . . . having its principal place of administration in another state unless all interested parties could not be bound by litigation in the courts of the state where the trust . . . has its principal place of administration.
This statute is in the nature of a venue provision. Levine v. Steiger, 765 So.2d 249, 250 (Fla. 4th DCA 2000) (citing In re Estate of McMillian, 603 So.2d 685 (Fla. 1st DCA 1992)).
The beneficiaries rely on Henderson v. Usher, 118 Fla. 688, 160 So. 9 (1935), which addressed the validity of constructive service over a nonresident beneficiary when the trust res was not physically located in Florida. The court found that constructive service was sufficient based on the settled rule "that an inter vivos trust has its situs at the residence of the creator of the trust even though he subsequently removes to the state where the trustees and beneficiaries reside and dies there." Id. at 11. Henderson was a case involving jurisdiction, not venue, and it predated the 1974 enactment of section 737.203, see ch. 74-106, Laws of Fla. Therefore, Henderson does not control.
The beneficiaries also rely on the choice-of-law provision in the trust agreement, but this provision does not designate Florida as the principal place of the trust's administration. See § 737.101(1) (defining principal place of trust administration when not otherwise designated in trust agreement).
Because the trust's principal place of administration is in Massachusetts, the circuit court erred by failing to follow the dictates of section 737.203. Accordingly, we reverse and remand for the court to determine whether all interested parties could be bound by litigation in Massachusetts. If so, the court shall continue, stay, or dismiss the suit as required by this statute.
Reversed and remanded.
CASANUEVA and LaROSE, JJ., Concur.