931 So.2d 268 (2006)
Joseph MEYER and Anthony Meyer, Appellants,
v.
Laurie G. MEYER, et al., Appellees.
No. 5D05-1911.
District Court of Appeal of Florida, Fifth District.
June 23, 2006.
Joseph Meyer and Anthony Meyer, Astoria, NY, pro se.
No Appearance for Appellees.
*269 SAWAYA, J.
Joseph and Anthony Meyer, brothers, appeal a non-final order denying their motion to dismiss a complaint filed by their former stepmother, Laurie Meyer, against Donald Meyer, the successor trustee of their father's trust. In their motion, Joseph and Anthony allege that venue is inappropriate in Florida because the trust is administered in New York, where the settlor resided at death and where the trustee still resides, and because all parties interested in the trust and its proceeds live in other states.
The trust instrument provided that upon the death of Richard T. Meyer, Jr., the father of Joseph and Anthony, the trust would terminate and half of the trust assets would be distributed to Laurie and the other half would be divided equally between Joseph and Anthony. The trust also provided that "[a]ll questions concerning the validity, construction and administration of this Agreement and any trust created hereunder shall be judged and resolved in accordance with the laws of the State of Florida" and allowed the trustee to relocate any and all trusts created therein "when in the sole judgment of the Trustee the relocation of said Trust or Trusts from the current jurisdiction controlling its interpretation to another jurisdiction is desired."
Richard, Jr.'s ex-wife, Laurie, filed a petition in the Citrus County Circuit Court after Richard, Jr.'s death seeking to compel distribution of the money she believes she is owed by the trust.[1] Because the petition only named the trustee, Donald Meyer, as a defendant, Joseph and Anthony moved to intervene and sought to have Laurie's petition dismissed on the ground that venue in Florida was improper. They argued that pursuant to section 737.203, the Florida courts should not entertain the trust proceedings because the principal place of business of the trust is in New York, where it is administered and where the trustee lives, pointing out, too, that none of the parties had any connection with Florida. The trial court rendered an order allowing Joseph and Anthony to intervene, but denied their motion to dismiss without explanation. Contending that the trial court failed to properly apply section 737.203, Joseph and Anthony appeal. We have jurisdiction to review this non-final order pursuant to rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.
The standard of review of a denial of a motion to dismiss pursuant to section 737.203 is abuse of discretion. See Levine v. Steiger, 765 So.2d 249 (Fla. 4th DCA 2000). Section 737.203 provides:
Over the objection of a party, the court shall not entertain proceedings under s. 737.201 for a trust registered, or having its principal place of administration, in another state unless all interested parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration. The court may condition a stay or dismissal of a proceeding under this section on the consent of any party to jurisdiction of the state where the trust is registered or has its principal place of business, or the court may grant a continuance or enter any other appropriate order.
The nature and purpose of this statute was explained by the court in In re Estate of McMillian, 603 So.2d 685 (Fla. 1st DCA 1992), as follows:

*270 This statute is not a jurisdictional bar. It is more in the nature of a venue statute, and speaks in terms of whether a Florida court will "entertain" trust proceedings. The statute further does not seem to require the judge to dismiss a case, even after the statutory provision is invoked, as evidenced by the final sentence of the statute which provides that the judge may enter orders of continuance, or other appropriate orders. The comments of the drafters of the Uniform Probate Code, accompanying section 7-203, which is materially similar to our section 737.203, indicate:
It is assumed that under this section a court would refuse to entertain litigation involving the foreign registered trust unless for jurisdictional or other reasons, such as the nature and location of the property or unusual interests of the parties, it is manifest that substantial injustice would result if the parties were referred to the court of registration. . . . [T]he issue is essentially only one of forum non conveniens in having litigation proceed in the most appropriate forum. This is the function of this section.
Id. at 688; see also Perry v. Agnew, 903 So.2d 376, 377 (Fla. 2d DCA 2005); Levine. Hence, when there is a possibility of litigating in more than one forum, section 737.203 recognizes that trust litigation should proceed in the most appropriate forum. See Levine; In re Estate of McMillian. This is the interpretation given similar statutory provisions adopted in other states. See Macaulay v. Wachovia Bank of S.C., N.A., 333 S.C. 201, 508 S.E.2d 46, 48 (1998) (stating that South Carolina's version of U.P.C. § 7-203 "does not deny or confer jurisdiction upon South Carolina courts").
Here, the trust is being administered in New York where the trustee resides. None of the parties has any connection with the state of Florida, and we note that the petition filed by Laurie does not contain any factual allegations showing that venue properly lies in this state. Because a proper objection has been filed by parties who are beneficiaries of the trust protesting the proceedings by the Florida court concerning a trust registered or having its principal place of administration in New York, the trial court should have properly applied the dictates of section 737.203. We are unable to determine whether this is what the trial court did because it simply denied the motion to dismiss without revealing the basis for its denial. Accordingly, we reverse the order denying the motion to dismiss and remand for the purpose of allowing the trial court to determine whether all interested parties could be bound by litigation in New York. Perry. If the trial court finds the parties may be bound by New York litigation, "the court shall continue, stay, or dismiss the suit" filed by Laurie. Perry, 903 So.2d at 377. If the parties are not bound, the court may deny the motion to dismiss.
We note, parenthetically, that although the trust agreement contains a choice of law provision, it does not designate Florida as the principal place for administration of the trust. Unless specified in the trust agreement, the "principal place of administration of a trust" is "the trustee's usual place of business where the records pertaining to the trust are kept or, if he or she has no place of business, the trustee's residence." § 737.101(1), Fla. Stat. (2005). Accordingly, New York is the principal place for administration of the trust because the trustee is a resident of that state and the trustee's attorney for legal matters pertaining to the trust is also in New York. In any event, the trust agreement provides the trustee discretion to remove the principal place of the trust *271 from Florida to another state if he or she desires. Since the trustee has chosen New York, the choice of law provision in the trust agreement does not present a sufficient legal basis for affirmance.
REVERSED and REMANDED for further proceedings consistent with this opinion.
PLEUS, C.J., and ORFINGER, J. concur.
NOTES
[1] The issue whether Laurie's divorce from Richard T. Meyer, Jr. vitiates her claim to any part of the trust proceeds is not an issue raised in the trial court and one that we will not address.