## YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* GREENWOOD GROCERY COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 54.    Argued November 14, 1912.—Decided January 20, 1913.

Since Congress has acted, by passing the Hepburn Act of June 29, 1906, in regard to delivery of cars for interstate shipments, all state legislation on that subject has been superseded. *Chicago, R. I. & Pac. Ry.* v. *Hardwick Elevator Co.*, 226 U. S. 426.

A regulation of a state railroad commission that the railroad company must deliver freight to, or place the car in an accessible place for, the consignee of interstate shipments within twenty-four hours after arrival, without allowance for justifiable and unavoidable delay, is an unreasonable interference with and burden on interstate commerce and void under the commerce clause of the Federal Constitution; and so *held* as to a regulation to that effect of the Mississippi Railroad Commission. *Houston & Texas Central R. R.* v. *Mayes*, 201 U. S. 329.

96 Mississippi, 403, reversed.

THE facts, which involve the constitutionality under the commerce clause of the Federal Constitution of certain rules of the Mississippi Railroad Commission relating to delivery of cars for interstate shipments, are stated in the opinion.

*Mr. Edward Mayes* and *Mr. Charles N. Burch*, with whom *Mr. Blewett Lee* and *Mr. H. D. Minor* were on the brief, for plaintiff in error.

*Mr. Harry Peyton* for defendant in error

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Grocery Company was permitted in the state courts to offset against a claim for demurrage, its claim against the Railroad Company for penalties aggregating $58 for delays in delivering cars to the Grocery Company, the consignee thereof, at the completion of interstate transportation, the right to which penalties arose from certain rules of the Railroad Commission of Mississippi copied in the margin.[1] Eighteen dollars of the penalties accrued after June 29, 1906, the date of the passage of the Hepburn Act.

---

[1] Rule I. Railroad Companies shall within twenty-four hours after the arrival of shipments, give notice by mail or otherwise, to consignee of arrival of goods, together with weight and amount of freight charges due thereon and on goods in car load quantities, said notices must contain letters or initials of the car, number of the car, and if transferred in transit, the number and initial of the original car, net weight and the amount of freight charges due on same. No demurrage charge shall be made unless legal notice of arrival is given to consignee.

Any Railroad Company failing to give such notice, *and to deliver such freight at its depots or warehouses, or, in case of shipment for track delivery, to place loaded cars at an accessible place for unloading, within twenty-four hours after arrival, computing from 7 a. m., the day following the arrival, shall forfeit and pay* the consignee, or other party whose interest is affected, the sum of $1.00 per car per day or fraction of a day, on all carload shipments, and one cent per one hundred (100) pounds per day or fraction thereof, on less than car load lots, with a minimum charge of five cents for any one package, after the expiration of said twenty-four hours.

Rule XI. No other charge shall be made for storage or demurrage except as provided in the foregoing rules, and if a railroad company is indebted to a shipper or consignee for delayage, then a claim for demurrage shall be offset by a claim for delayage.

If the case at bar, concerning as it does the delivery of cars at the termination of interstate commerce transportation, be considered as governed by the rule which controls the furnishing of cars for the making of such shipments, the decision recently announced in *Chicago, Rock Island and Pacific Ry. Co.* v. *The Hardwick Farmers Elevator Company,* 226 U. S. 426, decided this term, would be controlling as to the penalties allowed as an offset which accrued after June 29, 1906. As, however, the prior penalties allowed as an offset would in any event be not controlled by the case referred to, we come to consider the validity of the allowance of all of the offset independent of the principle applied in that case. Approaching the subject from this point of view, we think the rule of the State Commission upon which the right to all the so-called "delayage penalties" was based constituted an unreasonable burden upon interstate commerce within the decision in *Houston & T. C. R. R. Co.* v. *Mayes,* 201 U. S. 321, 329, since the requirement as to the delivery of cars within the short period fixed in the rule is absolute, and makes no allowance whatever for any justifiable and unavoidable cause for the failure to deliver. In saying this we do not give controlling effect to the observation contained in the opinion of the court below that no question was made as to the reasonableness of the regulation, since the opinion itself states that the ruling in the *Mayes Case* was the main reliance of the railroad company, and in the argument at bar both sides have discussed the case on the theory that the substantial question to be decided was whether the rule of the Commission which the court below upheld was an unreasonable regulation in view of the decision in the *Mayes Case.*

The judgment of the Supreme Court of Mississippi is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*