MARJORIE AFFLECK FRAZIER HENDERSON, joined by her husband, HOLCOMBE HENDERSON, BRENDA DIANA DUFF FRAZIER and YALE UNIVERSITY, v. HARRY A. USHER and JOHN G. JACKSON, as Executors under the Last Will and Testament of Frank Duff, deceased.

160 So. 9.
Division B.
Opinion Filed March 12, 1935.

E. J. L'Engle, J. W. Shands, Winters, Foskett & Wilcox and Chadbourne, Stanchfield & Levy (New York City), for Appellants;

Wideman, Wideman & Wardlaw, Manley P. Caldwell, Fred M. Valz, Robert H. Anderson, Jackson, Fuller, Nash & Brophy (New York City), Sullivan & Donovan (New York City), for Appellees.

TERRELL, J.—In 1923 Clara Duff Frazier, a citizen of West Palm Beach, executed a trust agreement for the benefit of her son, Frank Duff Frazier, and his children. The trust agreement was executed in New York and the Equitable Trust Company of New York was named as Trustee with power to execute the trust. The corpus of the trust was delivered to the trustee. Under the terms of the trust agreement Frank Duff Frazier was empowered to appoint, by his last will and testament, $100,000 of the securities described therein.

In 1933 Frank Duff Frazier died leaving a will in which he designated Harry A. Usher of Mountain Lake, New Jersey, and John G. Jackson, of New York City, as his trustees. His will created a testamentary trust in which his widow, Marjorie Affleck Frazier, was to be paid the net income therefrom during her natural life, with remainder over to his child by a former marriage, Brenda Diana Duff Frazier, with contingent remainder to Yale University. Clara Duff Frazier predeceased her son, Frank Duff Frazier.

The widow and child of Frank Duff Frazier survived him and both were residents of Florida at the time of his death. He had no other heirs. His widow, the appellant, has since remarried and is now a citizen of New York City. She

dissented from the terms of the will in her behalf and elected to take dower as provided in Sections 3629 and 3630 Revised General Statutes of 1920, Sections 5493 and 5494 Compiled General Laws of 1927.

Having elected dower in lieu of the provision for her in the will the question arose as to whether or not the widow is entitled to the income from the trust securities bequeathed to her under the power of appointment granted Frank Duff Frazier by his mother, Clara Duff Frazier. The further question was raised as to whether or not by virtue of the terms of the will and the power of appointment the widow could take anything under it after her dissent therefrom and her election to take dower.

This suit was brought by Harry A. Usher and John G. Jackson as trustees under the will of Frank Duff Frazier against Marjorie Affleck Frazier Henderson, joined by her husband, Holcombe Henderson, Brenda Diana Duff Frazier, and Yale University, praying that the court construe decedent's will and determine and declare what rights, if any, the defendants have under the exercise of said power of appointment by Frank Duff Frazier, and that the court instruct and direct plaintiffs in accordance with such determination and adjudication.

When the bill of complaint was filed constructive service pursuant to Section 3111 Revised General Statutes of 1920, Section 4895 Compiled General Laws of 1927, was obtained on Marjorie Affleck Frazier Henderson. It is admitted that the form of the service and the affidavit for it are sufficient. On the return day named in the order of publication Mrs. Henderson entered her special appearance and motion to quash the service. The motion to quash was denied and this appeal was prosecuted therefrom.

The main question argued here is that the constructive

service secured on Mrs. Henderson is ineffective because she is a non-resident and the res sought to be effected by the litigation is not within the jurisdiction of the Florida Court.

In support of her contention appellant relies on Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; First Nat'l Bank of Rome, 'Georgia, v. First Nat'l Bank of Jasper, Florida, 264 Fed. 83, affirmed in 254 U. S. 622, 41 Sup. Ct. Rep. 7, 65 L. Ed. 443; and Watts v. Alexander, Morrison & Co. 34 Fed. (2d) 66. These cases in effect hold that constructive service is warranted only where there is a res within the custody or control of the court, and then only for the purpose of adjudicating the rights, if any, of nonresidents in and to it.

The record discloses that Clara Duff Frazier, the creator of the *inter vivos* trust in favor of Frank Duff Frazier, was a citizen of Florida. It is also known that Frank Duff Frazier who created the trust in favor of his wife, the appellant here, was also a citizen of Florida, though the res being the same in both trusts was never physically in this state but was in the Equitable Trust Company, later the Chase National Bank of New York, which was administering it. Brenda Diana Duff Frazier was a citizen of Florida. Mrs. Marjorie Affleck Frazier, now Henderson, was at the time of the creation of the trust in her behalf a citizen of Florida but has since become a citizen of New York. The trustees under the will of .Frank Duff Frazier are citizens of new York and New Jersey but the will was probated in Florida and the trustees have brought it into the courts of Florida to have it construed.

In this state of the record it is not essential that the res, that is the assets of the trust, be physically in the state in order that constructive service be binding on the appellant. The testator was a citizen and resident of Florida when the

will was executed and when he died, the appellant was a citizen of Florida when the will was executed, the will was probated under Florida law and has been brought into the courts of Florida to be construed. Since the interpretation of the will is the primary question with which we are confronted we are impelled to hold that the res is at least constructively in this state and that the Florida courts are empowered to advise the trustees how to proceed under it and what rights those affected have in it. For the immediate purpose of this suit the will is the res and when that is voluntarily brought into the courts of Florida to be construed the trust created by it is to all intents and purposes brought with it.

But we are importuned to adjudicate the status of the securities incorporated in the trust estate. This is not like adjudicating the rights of Mrs. Henderson in and to real estate or subjecting property owned by her in this state to the payment of some claim against her, she being a nonresident. Constructive service arose from such cases and is essential to due process. State ex rel. Trustee Realty Co. v. Atkinson 97 Fla. 1032, 12 So. 794; Balian v. Wekiwa Ranch 97 Fla. 180, 122 So. 559.

We have examined State v. Beardsley, 77 Fla. 803, 82 So. 794; Lines v. Lines, 142 Pa. St. 149, 24 Am. St. Rep. 487; Martin v. Martin, 214 Pa. 389, 63 Atl. 1026; and Minot v. Tilden, 64 N. H. 371, 10 Atl. 682, relied on by appellant, but we do not think they are in conflict with this view. The facts in these cases are materially different from those in the case at bar. In them the beneficiary invoked the aid of the court for an accounting or to have a trust fund vitiated, or to subject it to taxation wrongfully, while here the trustees come into court seeking advice as to how they should proceed in the administration of the trust incident to its re-

pudiation and election by the primary beneficiary to take a child's part. When they did this our view is that they constructively brought the res into the court.

The res referred to by appellant and described in the trust is intangibles. When questions of jurisdiction are involved the constructive situs of intangibles is often equivalent to their physical situs and the constructive situs is ample to give jurisdiction of them to the courts of the state where they are constructively located. In other words, actual physical situs may become immaterial. This rule is palpably illustrated by some recent adjudications on tax questions. Blodgett v. Silberman, 227 U. S. 1, 48 Sup. Ct. Rep. 410, 72 L. Ed. 749; Farmers' Loan & Trust Co. v. Minnesota, 280 U. S. 204, 50 Sup. Ct. Rep. 98, 74 L. Ed. 371; Baldwin v. Missouri, 281 U. S. 586, 50 Sup. Ct. Rep. 436, 74 L. Ed. 1056; First National Bank of Boston v. Maine, 284 U. S. 312, 52 Sup. Ct. Rep. 174, 76 L. Ed. 313 (77 A. L. R. 140). It was also recognized in Florida by Hunt v. Turner, 54 Fla. 654, 45 So. 509.

The last cited cases support the doctrine that the physical situs of intangibles is often not material, that while they are taxable in the domiciliary state only they may at the time of taxation be registered in and physically located in another state. Tangible personal property is taxable only in the state of its actual situs. It will thus be seen that in the case of intangibles which ordinarily have no actual situs a different rule as respects taxation is presented from that governing tangibles. In order that gross discrimination may not result in the taxation of the two classes of personal property the courts have in respect to intangibles applied the maxim, *mobilia sequuntur personam*.

The rule is settled in this country that an *inter vivos* trust has its situs at the residence of the creator of the trust even

though he subsequently removes to the state where the trustees and the beneficiaries reside and dies there. This rule is not changed by reason of the fact that the trustee resides in another state, there being no duty imposed on him to remove the property to his state, or by reason of the fact that the trust property has been converted under a general authority in the trust instrument and removed to another state, 65 C. J. 496; Townsend v. Allen, 13 N. Y. S. 73, 59 Hun. (N. Y.) 622; Cross v. United States Trust Co., 131 N. Y. 330, 30 N. E. 125, 15 L. R. A. 606; Swetland v. Swetland, 105 N. J. Eqr. 608, 149 Atl. 50, 153 Atl. 907, the last cited being one of the leading cases in this country on the question.

In addition to what we have said suits of this character have statutory sanction in Chapter 7857, Acts of 1919, Laws of Florida, Sections 4953 and 4954, Compiled General Laws of 1927, which has been approved and upheld by this Court. Sheldon v. Powell, 99 Fla. 782, 128 So. 858.

Much is said in the briefs of counsel to the effect that this is a proceeding *in rem* and being such it is not essential that the res be physically before the court. In other words if the court has power to or is in position to exercise control over the res that is sufficient. In Pennoyer v. Neff, *supra,* it was said that a proceeding *in rem* was one taken directly against property and has for its object that disposition of the property without reference to the title of individual claimants; but in a larger and more general sense, the terms are applied to actions between parties, when the direct object is to reach and dispose of property owned by them, or of some interest therein.

We do not deem it necessary or essential to adjudicate this question. We hold merely that constructive service in this case was ample, that the res and the parties are before

the court, that the Florida court is empowered to instruct the trustees as to their duties as such and to adjudicate any question raised as to the rights of the parties in the trust estate, but none of these rights are determined in this proceeding.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.