PER CURIAM.
Appellants, Aaron Saffan and Benjamin Saffan, appeal a non-final order denying their motion to quash service for lack of jurisdiction. We affirm.
Appellants are beneficiaries under an inter-vivos trust, and appellant Aaron Saffan is the named trustee of the trust settled by their mother (Grantor). Appellees, Sol Saf-fan and Leon Saffan, also children of the grantor, were originally trust beneficiaries but were excluded by subsequent amendments to the trust.
Appellees brought an action contesting the validity of the trust. Appellants moved to quash service for lack of jurisdiction. The trial court denied the motion finding that jurisdiction was proper in Dade County, Florida.
The grantor of the trust was a long time resident of Dade County. In 1983, when the “Irrevocable Trust Agreement” was ex *685 ecuted in Dade County, both the grantor and the trustee were residents of Dade County. The trust agreement stated that the trust “shall be construed in accordance with the laws of the State of Florida....”
In 1984, the grantor and the trustee executed an amendment to the trust agreement in Dade County. Under certain conditions, the amendment effectively excluded appellees from benefiting from the trust.
In 1986, the grantor and the trustee executed a second amendment to the trust agreement. This second amendment although executed in Georgia, included a provision asserting the grantor’s legal residence:
IT is GRANTOR’S intent that all three documents comprising this Trust shall be read and interpreted in accordance with the Law of Florida of which State GRANTOR, is a legal resident.
The second amendment unconditionally excluded appellees from the trust.
Appellants contend the trial court lacked jurisdiction because appellants resided out-of-state, and because the trust did not confer jurisdiction in Florida. The trial court denied appellant’s motion to quash.
Appellants rely heavily on Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) for the proposition that Florida is without jurisdiction to determine the validity of the trust. In Hanson v. Denckla, the United States Supreme Court determined that because Florida could not assert personal jurisdiction over a trustee and had no jurisdiction over a trust, it lacked jurisdiction to determine the validity of the trust. The facts in Hanson v. Denckla are markedly different from this case.
The trust in Hanson v. Denckla, consisted of intangible property in a Delaware bank having no contacts with Florida. The trust was settled in Delaware, under the laws of Delaware, by a Pennsylvania domiciliary. After settling the trust, the settlor moved to Florida, received payments from the trust, and ultimately died in Florida.
Here, the trust was settled by a Dade County, Florida resident. The trust provided that it would be administered in accordance with Florida law. The trust corpus contained real property and bank accounts located in Dade County, and intangible property purchased and owned by the grantor while a Florida resident.
Further, the trust was administered in Florida, from its inception until after the grantor’s death. Bank accounts for the trust were maintained in a Dade County Bank. Property from the corpus of the trust was conveyed in Florida. All documents pertaining to the trust and the sale of the assets were recorded in the public records of Dade County, Florida.
The seminal case of Henderson v. Usher, 118 Fla. 688, 160 So. 9 (1935) is illustrative of the well established rule:
The rule is settled in this country that an inter vivos trust has its situs at the residence of the creator of the trust even though he subsequently removes to the state where the trustees and beneficiaries reside and dies there.
Henderson v. Usher, 160 So. at 9. In Henderson, the Florida Supreme Court explained that the situs is not affected by the out-of-state residence of the trustee because there is no duty imposed on the trustee to remove the property to his state. Furthermore, the situs of the trust is not changed by conversion of the trust property or its subsequent removal to another state. Henderson v. Usher, 160 So. at 9.
As in Hanson v. Denckla, we find that jurisdiction would not be determined by the grantor’s subsequent residence, or death, in another state. It is evident that the grantor intended Florida to have jurisdiction. We find that the situs of the trust properly rests in Florida. Accordingly, we affirm.
Affirmed.