J. A24040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  ESTATE OF | : | IN THE SUPERIOR COURT OF |
| ANN NANCY LUCIANI | : | PENNSYLVANIA |
| | : | |
| APPEAL OF:  JOHN J. LUCIANI, JR. | : | No. 451 MDA 2018 |
| AND CHRISTOPHER LUCIANI | : | |

Appeal from the Order Entered February 8, 2018,
in the Court of Common Pleas of Lackawanna County
Orphans' Court Division at No. 35-2012-01377

BEFORE:  OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED: MAY 1, 2019**

John J. Luciani, Jr. and Christopher Luciani appeal the February 8, 2018 order of the Court of Common Pleas of Lackawanna County Orphans' Court Division that sustained the preliminary objections of appellee, Nancy Nealon ("Nealon"), trustee of the Ann Nancy Luciani Trust, and dismissed the declaratory judgment action filed by appellants.  After careful review, we affirm.

The relevant facts and procedural history, as recounted by the trial court, are as follows:

> On May 23, 2017, Petitioners Christopher Luciani ("Christopher") and John J. Luciani, Jr. ("John, Jr.") filed a Petition for Citation to Show Cause Why Declaratory Relief Should Not Be Entered.  Said Petition seeks the issuance of a Citation to [Nealon].  Count One of the Petition seeks declaratory judgment pertaining to the distribution of shares of closely held family business Concrete Step Units, Inc. ("Concrete Step")  from the Trust of John J.

Luciani, Sr. ("John, Sr."), while Count Two seeks declaratory judgment pertaining to shares of stock of another closely held family business, Wayne Crushed Stone, Inc. ("Wayne Crushed"). The Court understands [appellants'] position to be that our Superior Court, in its Memorandum Opinion in the matter of *In re: Estate of John J. Luciani, Sr., Deceased*, No. 293 MDA 2016, 2016 Pa. Super. Unpub. LEXIS 4242, at *10 (Nov. 21, 2016), purportedly gave [appellants] a cause of action against [Nealon] and required [Nealon] to take certain actions with respect to the distribution of stock in Concrete Step and Wayne Crushed. More specifically, [appellants] insist that the Superior Court's ruling means that certain shares of Concrete Step formerly held by the John J. Luciani, Sr. Revocable Trust ("John, Sr. Trust") must be distributed by [Nealon] to the Luciani children so that they receive legacies of equal value. In addition, [appellants] seek a declaratory judgment that the provisions of a Shareholder Agreement by and between Ann and the Luciani children govern the distribution of the Wayne Crushed stock. They seek this relief because they believe that [Nealon] seeks to enrich herself at the expense of her siblings and the expense of the other Trust beneficiaries. [Nealon], [appellants] state, has thus far ignored the Superior Court's findings, and she also has failed to follow the provisions of the Trust instrument and the Shareholder Agreement as it pertains to the Wayne Crushed stock held by the Trust.

The parents of [appellants] and [Nealon] are John, Sr., who passed away testate in April of 2002, and Ann Nancy Luciani, who died in April of 2012. After the 2002 death of John, Sr.[,] his Will was filed for probate, and his wife and four children were the named legatees under the Will, and they also were named Beneficiaries under the terms of John, Sr.'s 1993 Revocable Trust. John, Jr. and [Nealon] were named Co-Executors under John, Sr.'s Will, and the other two children, Christopher and Jill, were appointed Trustees under the 1993 Trust. At John, Sr.'s death, his estate bequeathed

$1,156,084.00 to that Trust, and the Trust also retained $942,000.00 worth of stock in Concrete Step and Wayne Crushed. Pursuant to distributions in 2003 and 2006, Christopher and Jill, as Trustees, transferred the entirety of the Trust's principal to their mother, Ann. In litigation regarding the Estate of John, Sr., John, Jr. filed a Petition requesting that [Nealon], as *de facto* Trustee, along with Christopher and Jill, as named Trustees, file a First and Final Account of the administration of the Estate of John, Sr. Jill Mooty (Jill) complied, filing an Account showing that the Trust's principal, including all of the stock in Concrete Step and Wayne Crushed, was distributed to Ann.

Objections to the Account were filed by [appellants], and a hearing was conducted before the undersigned. Along with dismissing [Nealon] as a *de facto* Trustee, this Court denied all Objections. On appeal to the Superior Court, Chris[topher] maintained that the distributions of stock were inappropriate, under the terms of the Trust, and the Superior Court disagreed, stating:

> Based on the certified record before us, we cannot say that the children were ultimately treated disparately. In fact, we cannot even ascertain how the principal of [John, Sr.'s] Trust was ultimately distributed. Mother's trust agreement is not in the record. Nor is any accounting of her estate or trust.
>
> Why [sic] it is possible that the distribution to Mother of the entirety of the principal of [John, Sr.'s] Trust, for the undisputed purpose of estate planning, was not entirely authorized by the trust, that conclusion cannot be reached without a finding that Mother's estate plan was not in accordance with the stated intent of [John, Sr.'s] trust. Furthermore, there is no allegation, and no proof, that Mother

> dissipated these assets in a manner that defeated [John, Sr.'s] Trust's purposes.
>
> . . . .
>
> The certified record contains no evidence that Mother's *inter vivos* gifts, estate, and trust distributions did not treat the children equally. Therefore, Christopher did not establish his right to relief, and is due no relief on this issue on appeal.

In regard to Ann, her death occurred on April 5, 2012. She left a Will executed in October of 2011, which was admitted to probate in the Circuit Court, Fifth Judicial Circuit, in or in the vicinity of Lake County, Florida. Christopher presented in that Florida Circuit Court a Petition seeking that his mother's Will be revoked from probate. During litigation regarding Ann's Estate, the parties stipulated, and the Court correspondingly Ordered, that if the Court found Ann's 2011 Will to be valid, then the 2011 Trust would be valid as well; along those same lines, the parties stipulated that if the Will was determined to be invalid, then the Trust would be as well.

A trial was held in Florida regarding Christopher's Petition for Revocation. [Nealon] moved midway through the trial for an involuntary dismissal, based upon what she maintained was that [Christopher] had shown no right to relief. The Lake County Florida Court agreed, and granted [Nealon's] Motion and the case was involuntarily dismissed on February 25, 2014. By final decision, dated March 10, 2014, the Lake County Florida Court [o]rdered that Mrs. Luciani's 2001 Will remained admitted to probate. Because of the stipulation regarding the validity or invalidity of the trust was connected to the Will, the Court further determined that Ann's 2011 Trust Agreement was valid.

In June of 2016, [Nealon] filed a First and Final Account of Personal Representative in the Estate of her late mother. The document was filed in Florida,

and it included as assets seven thousand five hundred shares of Concrete Step stock, and seventy-nine shares of Wayne Crushed. [Nealon] also filed a Petition for Discharge in the Ann Luciani Estate, and in the Petition, asked that distribution be made to the Trust of Ann Luciani included the seven thousand five hundred shares, and the seventy[-]nine shares. The Petition for Discharge was properly served, and no Objections were timely filed to that Petition. [On] October 20, 2016, as no Objections were filed to the Account and Petition for Discharge, the Lake County Florida Court entered an Order of Discharge in the Ann Luciani Estate, ruling that the Estate was fully administered and properly distributed.

[Appellants] maintain that the Luciani Children have not been treated equally by the Ann Luciani Trust with respect to the Concrete Step shares that she received from John, Sr.'s Trust during her lifetime. They further maintain that the Trust of Ann, which now holds the Wayne Crushed and Concrete Step shares, should not be distributed in accordance with the provisions of Ann's Trust, but in accordance with the Superior Court's Memorandum Opinion of November 21, 2016, a ruling which in fact affirmed our Court's earlier rulings with respect to this litigation. The purpose of the instant declaratory judgment matter is, according to [appellants], not to invalidate the stock shares distributed to either Ann or Ann's Trust, and [appellants] are not challenging any determination of the Florida Court with respect to Ann's Estate or Trust. The purpose of this proceeding, according to [appellants], is to obtain declaratory judgment that the Concrete Step shares distributed from John, Sr. Trust to either the Estate of Ann Luciani, or the Trust of Ann Luciani, must now be distributed to the Luciani Children, ensuring equal treatment. . . .

. . . .

The First Preliminary Objection presented by [Nealon] is that, based on Pa. O.C. Rule 3.9(b)(1), the Petition should be dismissed due to lack of jurisdiction, since

- 5 -

the Ann Luciani Trust Agreement designates that the situs of the Trust is in Florida, and the Trust Agreement is also governed by the laws of Florida.

Trial court opinion, 2/6/18 at 1-4.

In an order dated February 6, 2018, and filed on February 8, 2018, the trial court sustained the preliminary objection regarding lack of jurisdiction and dismissed the declaratory judgment action. The trial court filed an opinion that same day. On March 9, 2018, appellants filed a notice of appeal. The trial court did not order appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellants raise the following issues for this court's review:

1. Did the [trial] Court err as a matter of law in sustaining appellee's preliminary objections by finding that it lacks jurisdiction to adjudicate appellants' claim?

2. Was the statement by a panel of this Court in a related case that the ". . . Trust gave the trustees significant discretion in how to distribute the principal of the Trust, so long as the distribution was done in a manner that ultimately treated [the children] equally" dicta or decisional?

Appellant's brief at 4.

Initially, appellants contend that the trial court erred as a matter of law when it sustained appellee's preliminary objection finding that it lacked jurisdiction.

Our analysis begins with a recitation of the applicable legal standards:

- 6 -

> Our standard of review of an order of the trial court overruling [or granting] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

*De Lage Landen Fin. Servs., Inc. v. Urban P'ship, LLC*, 903 A.2d 586, 589 (Pa.Super. 2006). "On an appeal from an [o]rder sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts." *Filipovich v. J.T. Imports, Inc.,* 431 Pa.Super. 552, 637 A.2d 314, 316 (1994). "Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt." *Ellenbogen v. PNC Bank, N.A.,* 731 A.2d 175, 181 (Pa.Super. 1999). "Any doubt should be resolved by a refusal to sustain the objections." *Id.*

"[I]t is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte.*" *B.J.D. v. D.L.C.,* 19 A.3d 1081, 1082 (Pa.Super. 2011) (quoting *Grom v. Burgoon,* 448 Pa.Super. 616, 672 A.2d 823, 824-25 (1996)). Our standard of review is *de novo,* and our scope of review is plenary. *Id.* "Generally, subject matter jurisdiction has been defined as the court's power to hear cases of the class to which the case at issue belongs." *Verholek v. Verholek,* 741 A.2d 792, 798 (Pa.Super. 1999).

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject matter in a given case. . . . Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect. The

> trial court has jurisdiction if it is competent to hear or determine controversies of the general nature of the matter involved **sub judice**. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.
>
> **Aronson v. Sprint Spectrum, L.P.**, 767 A.2d 564, 568 (Pa.Super. 2001) (quoting **Bernhard v. Bernhard**, 447 Pa.Super. 118, 668 A.2d 546, 548 (1995)).

**Estate of Gentry v. Diamond Rock Hill Realty, LLC**, 111 A.3d 194, 198 (Pa.Super. 2015).

Appellee brought her preliminary objection on the basis that the trial court lacked jurisdiction to hear appellants' petition. (Trustee Nancy Nealon's preliminary objections to the petition for citation to show cause why declaratory relief with regard to the Revocable Agreement of Trust of Ann Nancy Luciani dated October 4, 2011 should not be entered, 7/3/17 at 7-8.)

Appellants argue that this case does not involve the validity of the Revocable Agreement of Trust of Ann Nancy Luciani dated October 4, 2011 ("Ann Trust") or the interpretation of the provisions of the Ann Trust. Appellants argue that what is at issue is the distribution of the Concrete Step shares. (Appellants' brief at 13.) Further, appellants assert that the trial court has subject matter jurisdiction over an **inter vivos** trust. (**Id.** at 14.)

This court does not agree with these assertions. While the Orphans' Court has subject matter jurisdiction over an *inter vivos* trust, *see* Section 711 of the Probate, Estates, and Fiduciaries Code ("Code"), 20 Pa.C.S.A. § 711, it does not have a claim of jurisdiction over any trust entered in any state across the country. Appellants argue that Pennsylvania, rather than Florida, has jurisdiction over Nealon because she is a Pennsylvania resident. (Appellants' brief at 15.)

Section 714 of the Code, 20 Pa.C.S.A. §714, provides that nothing in the chapter of the Code regarding orphans' courts shall be construed to interfere with rules of law applicable to the determination of whether a Pennsylvania court has jurisdiction over the subject matter enumerated in the chapter.

Although not binding on this court as it is the decision of the Court of Common Pleas of Philadelphia County, *In re Holdeen's Trust*, 58 Pa. D. & C.2d 602 (Philadelphia Cty. 1972), assists this court in its analysis. In *Holdeen*, the Court of Common Pleas of Philadelphia County determined that it had jurisdiction to decide questions relating to petitions for declaratory judgment and petitions for the reformation of trust instruments. The common pleas court reached this decision even though Jonathan Holdeen, the settlor of the trust at issue, lived in New York for most of his life, was a resident of that state when he created the trust, and was a resident of New York when he died. For the *Holdeen* court, the key factors were that the settlor expressed

his intention in the trust documents that the assets of the trusts be held in Pennsylvania and that the trusts be administered in either Pennsylvania or Massachusetts. The trustees chose Pennsylvania. In addition, the chief remainderman of the trust was the Commonwealth of Pennsylvania and substantial assets were held in Pennsylvania. The common pleas court also held that the questions of the validity of a trust provision was a question of Pennsylvania law which Pennsylvania courts were best equipped to resolve. *Holdeen*, 58 D. & C.2d at 614, 616. The common pleas court determined that a trust settlor has the right to choose the jurisdiction in which his or her trust is to be administered and that choice is not limited to the state where the assets of the trust are located. *Id.* at 616-617.

Similarly, though not binding on this court, the trial court relied on *Saffan v. Saffan*, 588 So.2d 684 (Fla. Dist. Ct. App. 1991). In *Saffan*, the District Court of Appeal of Florida for the Third District held that where the grantor of a trust was a Florida resident; the trust was executed in Florida; the trustee of the trust was a resident of Florida; the trust contained a provision that it would be administered in accordance with Florida law; the trust corpus contained property purchased and owned by the grantor while a Florida resident; and the trust was administered in Florida, the situs of the trust rested in Florida. The *Saffan* court also held that the situs is not affected by an out-of-state residence by the trustee to the extent appellants argue that Nealon is not a Florida resident.

Here, Ann Luciani, the grantor of the trust, was a resident of Florida. Her estate was opened and the will was probated in Florida. Further, the trust was settled in Florida and assets were conveyed pursuant to the trust terms in Florida. Appellants concede in the petition that Ann Luciani died with her domicile in Florida and that the trust instrument designates Florida as the situs of the trust and that all questions regarding the validity, construction, and administration of the trust come under Florida law. All of these factors support a conclusion that Florida, not Pennsylvania, had jurisdiction over the trust.

Furthermore, the trial court also addressed the fact that the will of Ann Luciani was contested in Florida courts; and in the course of the litigation, there was a stipulation that if the will was determined to be valid, then the Ann Trust would be determined to be valid. The trial court concluded that appellants[1] had no authority to admit to the validity of the trust in one state and then to challenge its validity in another:

> Further, matters regarding the Estate of Ann Luciani were litigated in the state of Florida, as [Nealon] reminds this Court, and the Trust was in fact held to be valid by the Lake County Florida Court. The Trust Agreement identified Ann Luciani as a resident of Lady Lake, Florida. Citing 20 Pa. C.S.A. § 7708(a) and **Saffan v. Saffan**, 588 So.2d 684 (Fla. Dist. Ct. App. 1991), a case which held that where Grantor, a Florida resident who intended for jurisdiction over Grantor's Trust to be in Florida, [Nealon] asks that the Petition pending before our Court be dismissed for want of jurisdiction. Again, the Estate and Trust of Ann Luciani were litigated to conclusion in Florida,

---

[1] Actually, Christopher Luciani was the only appellant to contest the validity of the will in Florida.

several years ago. The Will and Trust of Ann were deemed valid. Administration was completed, and distribution followed. A Court Order closed the matter.

While the Court understands [appellants'] assertions that the ultimate distribution of the Estates and Trusts of each of their parents proved to be more favorable to [Nealon] than to them, we have come across no statute or decisional authority which allows heirs or beneficiaries who are dissatisfied with the administration and finalization of any estate in one state, including the litigation before and adjudication of legal questions by a court of that one state, to file an action concerning the same Decedent's Estate in a Court of another state. Although various courts may sometimes have concurrent jurisdiction with respect to certain matters, a court's jurisdiction should ordinarily not be exercised so as to conflict with the jurisdiction of another court, and a court should not interfere in a matter within the exclusive jurisdiction of another court. ***Com. Ex rel. Rosequist v. Rosequist***, 268 A.2d 140 (Pa. Super. 1970); ***Trout v. Lukey***, 166 A.2d 654 ([Pa.] 1961). The instant declaratory judgment seeking review of Ann Luciani's Estate and Trust, which were litigated previously in Florida and found to be valid, as asking the Court of Common Pleas to essentially overturn Orders of the Lake County Florida Court. [Appellants'] requests in fact raise the issues of ***res judicata*** and collateral estoppel, but the Court need not explore those principles in the context of this Estate, because we simply lack jurisdiction. The Trust Agreement at issue is a Florida Trust that has been ruled valid in Florida by a Florida Court. The Petition for declaratory judgment is invalid, and we will, in the attached Order, grant [Nealon's] preliminary objection concerning jurisdiction and dismiss this action.

Trial court opinion, 2/6/18, at 5.

Based on the record before this court, the applicable statutes and case law, and the parties' briefs, this court determines that the trial court did not

commit an error of law when it sustained Nealon's preliminary objection for lack of jurisdiction and dismissed appellants' petition.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2019

---

[2] As we affirm the trial court's determination that it lacked jurisdiction to adjudicate appellants' petition, we need not address appellants' remaining issue.